

Michael S. Johnson, # 6903
JOHNSON, WAKEFIELD & PENA
321 South 600 East, Suite 100
Salt Lake City, UT  84102
Telephone:  (801) 532-0532
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| WOLF MOUNTAIN RESORTS, L.C.<br>a Utah Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>Raymond O. Klein, an individual<br><br>Defendant. | **COMPLAINT**<br><br>**2:02CV-0003K**<br><br>Civil No. _____<br><br>Judge _____ |

Plaintiff, Wolf Mountain Resorts, L.C., for cause of action against Defendant Raymond O.

Klein, states as follows:

### PARTIES

1.      Wolf Mountain Resorts, L.C. ("Wolf Mountain") is a Utah Limited Liability

Company.

2.      Raymond O. Klein ("Klein") is an individual residing in the State of Arizona.

3.      The matters in controversy exceed the sum of $75,000, exclusive of interest and

1

costs.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

Section 1331, as well as diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

5.     Venue is proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of

the events or omissions giving rise to the claim occurred in this District and Division.

## GENERAL ALLEGATIONS

6.     Wolf Mountain incorporates the allegations contained in Paragraphs 1 through 5 of

the Complaint as if fully set forth herein.

7.     In approximately July of 1999,  Klein contacted Wolf Mountain and offered to sell

Wolf Mountain certain securities.

8.     The securities offered for sale by Klein took the form of a 7.5% membership interest

in C and M Properties, L.L.C., a Utah Limited Liability Company ("C and M").  The membership

interest in C and M offered by Klein to Wolf Mountain is hereinafter referred to as "the Securities."

On the date Klein offered to sell Wolf Mountain the Securities, Wolf Mountain already owned a 25%

membership interest in C and M, while Klein owned a 40% interest from which the 7.5% was to be

derived.

9.     As a result of Klein's solicitations of Wolf Mountain, Wolf Mountain purchased the

Securities on August 25, 1999 for approximately $215,000.  This sale occurred within the State of

Utah.  Following the sale of the Securities, Klein and Wolf Mountain each owned a 32.5% interest

2

in C and M.

10.    C and M's primary business was the development of real estate in Summit County, Utah.

11.    On the date of the sale of the Securities, and at all relevant times, C and M's company attorneys were Jefferson Gross and Richard Burbidge of the law firm of Burbidge & Mitchell.

12.    On the date of the sale of the Securities, and at all relevant times, Jefferson Gross and Richard Burbidge were simultaneously acting as Klein's personal attorneys. Gross and Burbidge therefore had divided loyalties in transactions or matters involving the interests of both Klein and C and M. Upon information and belief, Gross and Burbidge assisted in the drafting of company documents with provisions favorable to Klein and disfavorable to other members of C and M.

13.    Prior to the date of the sale of the Securities, Klein had been sued for his conduct in connection with a Summit County real estate development deal substantially similar to that at issue in the present case. In the context of this suit, styled <u>Kevani v. Klein</u> and filed in the Third Judicial District Court, Summit County, State of Utah, Klein was accused by his business partner of, among other things, fraud. In that action, Klein was represented by Gross and Burbidge.

## FIRST CAUSE OF ACTION
### (Federal Securities Fraud)

14.    Wolf Mountain incorporates the allegations contained in Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.    The fact that C and M's company counsel also acted as personal counsel to Klein, the

primary member and manager of C and M, was material adverse information concerning C and M from the perspective of Wolf Mountain who expected that the company counsel would not favor one member over another.

16.    The fact that Klein, the primary member and manager of C and M, had been previously sued for fraud in connection with a substantially similar Summit County land development project was material adverse information concerning C and M from the perspective of Wolf Mountain.

17.    A relationship of trust and confidence existed between Klein and Wolf Mountain due to, among other factors, the parties' pre-existing relationship as co-members of C and M, and Klein's acting as the Manager of that entity.  Klein was therefore under a duty under Utah law to disclose all material information concerning C and M to Wolf Mountain in connection with the sale of the Securities.

18.    In connection with the sale of the Securities to Wolf Mountain, Klein made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, including, but not limited to, omitting to disclose the information set forth in paragraphs 15 and 16, above.

19.    The representation of Klein by C and M's lawyers as referenced in paragraph 15, above, was already occurring on the date of Klein's misrepresentations and/or omissions.  The lawsuit against Klein alleging fraud as referenced in paragraph 16, above, was filed prior to the date

4

of Klein's misrepresentations and/or omissions.   The misrepresentations and/or omissions referenced in paragraphs 15 and 16 were therefore false when made.

20.     Because the information set forth in paragraphs 15 and 16 above involves Klein personally, Klein was fully aware of such information on the date of his misrepresentations and/or omissions.

21.     The above-referenced misrepresentations and/or omissions were material in the sense that a reasonable investor would have considered them important in making a decision as to whether to buy the Securities.  The representation of C and M by Klein's own personal attorneys, and Klein's having been sued for fraudulent conduct in connection with a substantially similar Summit County real estate project, are so obviously material that Klein was aware of the materiality of this information, and aware that its non-disclosure would mislead Wolf Mountain.

22.     Klein directly benefited from the above-referenced misrepresentations and/or omissions in that they assisted him in convincing Wolf Mountain to purchase the Securities from him.  Upon information and belief, Klein was aware that to have disclosed the information discussed in paragraphs 15 and 16 would have greatly diminished the likelihood that any investor would purchase the Securities.

23.     Wolf Mountain justifiably relied on Klein's misrepresentations and/or omissions in purchasing the Securities.

24.     In connection with the sale of the Securities to Wolf Mountain, Klein made use of the means and instrumentalities of interstate commerce including interstate telephone calls and wire

5

transfers, including without limitation the transfer of the purchase price paid for the Securities.

25.     In connection with the sale of the Securities to Wolf Mountain, Klein employed devices, schemes and artifices to defraud Wolf Mountain and engaged in acts, practices and a course of business which operated as a fraud and deceit upon Wolf Mountain as more fully set forth above.

26.     Klein's acts and omissions as herein described were done knowingly with the intent to deceive and defraud Wolf Mountain.

27.     The above-referenced conduct constitutes a violation of federal securities laws, including, but not limited to, 15 U.S.C. Section 78j and  SEC Rule 10b-5 promulgated thereunder (17 C.F.R. Section 240.10b-5).

28.     As a proximate result of the acts and omissions of Klein, Wolf Mountain has been injured and damaged in amounts to be determined at trial, but not less than $215,000.

29.     Klein's acts and omissions were done willfully and knowingly, and with an intentional disregard of his fiduciary duties to Wolf  Mountain, thus entitling Wolf Mountain to an award of punitive damages under Utah law in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(State Securities Fraud)**

30.     Wolf Mountain incorporates the allegations contained in Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.     The above-referenced conduct constitutes a violation of the Utah Uniform Securities Act, Utah Code Ann. §61-1-1, et seq.

6

32.     As a proximate result of the acts and omissions of Klein, Wolf Mountain has been injured and damaged in amounts to be determined at trial, but not less than $215,000.

33.     Klein's acts and omissions were done willfully and knowingly, and with an intentional disregard of his fiduciary duties to Wolf Mountain, thus entitling Wolf Mountain to an award of punitive damages under Utah law in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

34.     Wolf Mountain incorporates the allegations contained in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     As more fully set forth above, Klein, as a co-member and manager of C and M, owed fiduciary duties to Wolf Mountain.

36.     The above-referenced conduct constitutes a breach of the fiduciary duties owed Wolf Mountain by Klein.

37.     As a proximate result of the acts and omissions of Klein, Wolf Mountain has been injured and damaged in amounts to be determined at trial, but not less than $215,000.

38.     Klein's acts and omissions were done willfully and knowingly, and with an intentional disregard of his fiduciary duties to Wolf Mountain, thus entitling Wolf Mountain to an award of punitive damages under Utah law in an amount to be proven at trial.

WHEREFORE, Wolf Mountain prays for judgment against Klein as follows:

1.     For damages in an amount to be proven at trial;

2.      For punitive damages;

3.      For costs of court;

4.      For reasonable attorney's fees; and

5.      For such other and further relief as the Court may award in accordance with the facts

and the law.

DATED this _3rd_ day of January, 2002.

**JOHNSON, WAKEFIELD & PENA**

By
Michael S. Johnson
Attorneys for Plaintiff
321 South 600 East, Suite 100
Salt Lake City, UT 84102
Telephone: (801) 532-0532

**Plaintiff's Address:**

Wolf Mountain Resorts, L.C.
c/o Michael S. Johnson
321 South 600 East, Suite 100
Salt Lake City, Utah 84102